**Mamadou Mouctar DIALLO, Petitioner,**

**v.**

**UNITED STATES ATTORNEY GENERAL, Michael B. Mukasey,[1] Respondent.**

**No. 07–3141–ag.**

United States Court of Appeals, Second Circuit.

Feb. 27, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Matthew J. Harris, Brooklyn, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Barry J. Pettinato, Assistant Director; Kristin A. Moresi, Trial Attorney, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Mamadou Mouctar Diallo, a citizen of Guinea, seeks review of a June 25, 2007 order of the BIA affirming the November 21, 2005 decision of Immigration Judge ("IJ") William Van Wyke denying Diallo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mamadou Mouctar Diallo,* No. A 96 241 862 (B.I.A. June 25, 2007), *aff'g* No. A 96 241 862 (Immig. Ct. N.Y. City, Nov. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's adverse credibility determination, but in doing so rejects one of the IJ's findings and supplements the IJ's findings, this Court reviews the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005); *see also Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

We conclude that the agency's adverse credibility determination was supported by substantial evidence. First, the BIA reasonably found implausible Diallo's assertion that he was an active member of the RPG, was arrested on two occasions for protesting against the ruling party, and served over three years in prison for his opposition, yet did not know the name of the ruling party. *See Wensheng Yan v.*

*Mukasey,* 509 F.3d 63, 67 (2d Cir.2007) (finding that this Court will not disturb the inherent implausibility finding so long as an it is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived"); *Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir.2007). We cannot make a finding that would be contrary to the agency's finding that such testimony was not inherently implausible. *See Wensheng Yan,* 509 F.3d at 68. The BIA also properly found that Diallo's assertion that he voted for the RPG party candidate in the 2003 presidential election was inconsistent with information contained in the 2004 U.S. State Department Country Report on Human Rights Practices ("2004 Report"), indicating that "[a]ll major opposition parties boycotted the [2003 presidential] election due to questions over the fairness of the electoral system." Because this inconsistency concerned the central element of Diallo's claim that he was an active member of the RPG, it was plainly "material to his claim of persecution," *Zhou Yun Zhang,* 386 F.3d at 74, and "substantial" when measured against the record as a whole, *Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003).[2]

Lastly, the IJ and BIA properly found that Diallo failed to submit evidence corroborating his claim. His failure to submit corroborating evidence bears on Diallo's credibility because it rendered him unable to rehabilitate testimony that had been cast in doubt. *Xiao Ji Chen v. U.S. Dept. of Justice,* 471 F.3d 315, 341 (2d Cir.2006) (finding that an applicant's failure to submit evidence corroborating his claim bears on his credibility because it renders him unable to rehabilitate testimony that had

already been called into question); *Zhou Yun Zhang,* 386 F.3d at 78.

Although Diallo was given the opportunity to explain the inconsistencies, implausibilities, and lack of corroboration in his case, the agency reasonably rejected his explanations. *Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

On the other hand, the IJ erred by finding implausible that Diallo was not knowledgeable about a November 2001 referendum when Diallo testified that he was detained when the referendum occurred. *See Zhou Yun Zhang,* 386 F.3d at 74 (providing that this Court will not uphold findings based on "misstatement[s] of the facts in the record"). Further, the IJ erred by finding that the 1999 Amnesty International Report in the record was inconsistent with Diallo's assertion that he was arrested as part of a mass arrest, when that report stated that "scores of individuals" were arrested following the 1998 election. These errors notwithstanding, remand would be futile because, based on the properly-made findings outlined above, it can be "confidently predict[ed]" that the IJ would reach the same decision on remand. *Xiao Ji Chen,* 471 F.3d at 339.

As the BIA accurately concluded, although no single finding independently substantiates the IJ's adverse credibility determination, their cumulative effect demonstrates that Diallo is not credible. *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d

---

**2.** Although we have cautioned against placing "excessive reliance" on State Department country reports, *see Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004), here the BIA "properly considered the inconsistency between petitioner's statements and the country report as part of [its] overall determination that petitioner's account was not credible," *see Xiao Ji Chen,* 471 F.3d at 342.

Cir.2006). Accordingly, the agency's adverse credibility determination, and its denial of Diallo's asylum application, is supported by substantial evidence. *Zhou Yun Zhang v. INS,* 386 F.3d at 73. Moreover, because the only evidence of a threat to Diallo's life or freedom, or a likelihood of his being subjected to torture, depended upon his credibility, the adverse credibility determination necessarily precludes success on his claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir. 2006); *Xue Hong Yang,* 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).